**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. GRIGORY RASIN, | Civil Action No. 18-4612(SDW)(LDW) |
| Plaintiff, | |
| v. | **OPINION** |
| MACDOUGALL ARTS, LTD., CATHARINE MACDOUGALL, JOHN DOE 1 (a putative buyer whose name is currently unknown to the Plaintiff), VLADIMIR PETROV, JOHN DOES 2-10 (other individuals hitherto unknown to the Plaintiff), JANE DOES 1-10 (other individuals hitherto unknown to the Plaintiff), and ABC CORPORATIONS 1-10 (other corporations hitherto unknown to the Plaintiff), | September 12, 2018 |
| Defendants. | |

**WIGENTON**, District Judge.

Before this Court is Defendant MacDougall Arts, Ltd.'s ("MacDougall" or "Defendant") motions to compel arbitration of Plaintiff Dr. Grigory Rasin's ("Rasin" or "Plaintiff") claims pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* and to dismiss Plaintiff's Amended Complaint. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court **DENIES** Defendant's motions to compel arbitration and dismiss the Amended Complaint.

# I.  BACKGROUND AND PROCEDURAL HISTORY

This dispute arises from the sale of Russian paintings owned by Plaintiff, who engaged MacDougall, an art house located in London, England, to arrange for the sale of those paintings to interested buyers.  (*Id.* ¶¶ 1-3, 13-19.)  Although there is no dispute that the parties entered into an agreement(s) regarding the sale of Plaintiff's art, the Complaint does not identify the specific terms of the agreement(s) nor does it attach a copy of contract(s) signed by the parties.

By mid to late 2017, after MacDougall arranged for John Doe 1 to purchase seventeen paintings and Plaintiff had provided MacDougall with additional paintings to sell, questions about the authenticity of the artwork arose.  (*Id.* ¶¶ 13-27.)  Plaintiff then agreed to rescind the sales of the paintings purchased by John Doe 1 and refund the proceeds from those sales, so long as MacDougall returned all of the paintings Plaintiff had provided to the art house.  (*Id.* ¶¶ 27-37.)  Plaintiff refunded a total of $185,182.29 to MacDougall, which he claims satisfies his obligations, but MacDougall has yet to return the paintings.  (*Id.* ¶¶ 36-38.)

Plaintiff filed suit in this Court on March 28, 2018.  (Dkt. No. 1.)  On April 12, 2018, Plaintiff amended his Complaint, raising claims for, among other things, fraud, conversion, and breach of contract.  (Dkt. No. 3.)  MacDougall filed the instant motions to compel arbitration and dismiss the Amended Complaint on June 6, 2018, alleging that Plaintiff has agreed to be bound by MacDougall's "Terms and Conditions of Sale for Vendors" in 2016 and 2017 ("Terms Sheets"), which require the parties to submit to arbitration in the United Kingdom.  (Dkt. No. 6 at 1-2, Exs. B & F.)  Briefing on the motions was completed on July 30, 2018.  (Dkt. Nos. 10, 11, 16, 17, 18.)

# II.  LEGAL STANDARD

The Federal Arbitration Act ("FAA") was enacted to ensure the enforcement of private arbitration agreements.  *See, e.g.*, *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 344-45 (2011) (noting that "our cases place it beyond dispute that the FAA was designed to promote arbitration"); 9

U.S.C. § 2 (2015) (providing that written arbitration agreements "shall be valid, irrevocable, and enforceable"). "When a district court is presented with a motion to compel arbitration, it must answer the following two questions: (1) whether the parties entered into a valid arbitration agreement; and (2) whether the dispute at issue falls within the scope of the arbitration agreement."[1] *Ellin v. Credit One Bank*, No. 15-2694, 2015 WL 7069660, at *2 (D.N.J. Nov. 13, 2015); *see also Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 525 (3d Cir. 2009). To conduct its inquiry, the court applies "ordinary state-law principles that govern the formation of contracts." *Kirleis v. Dickie, McCamey & Chilcote*, 560 F.3d 156, 160 (3d Cir. 2009); *see also First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Motions to compel arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Tech., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 650 (1986).

## III. DISCUSSION

This Court's analysis would normally begin with a determination as to the validity of the agreement between the parties. Here, however, it is not clear that the parties have an agreement to arbitrate. Plaintiff's Amended Complaint does not include, either by reference or attachment, the precise terms of the agreement(s) between the parties as to the sale of the paintings in question. In its

---

[1] "An agreement to arbitrate, like any other contract, must be the product of mutual assent, as determined under customary principles of contract law." *Atalese v. United States Legal Servs. Grp., L.P.*, 99 A.3d 306, 312-13 (N.J. 2014) (internal citation omitted). An arbitration agreement is valid and enforceable under New Jersey law where it "clearly" and "unambiguously" puts the parties on notice of their rights and their "intent to surrender those rights." *Noren v. Heartland Payment Sys., Inc.*, No. L-4528-06, 2017 WL 476216, at *2 (N.J. Super. Ct. App. Div. Feb. 6, 2017) (noting that "[n]o magical language is required to accomplish a waiver of rights" so long as the waiver is set out in "plain language that would be clear and understandable to the average" person); *see also Fawzy v. Fawzy*, 199 N.J. 456, 482 (2009).

The Third Circuit has instructed that "[i]n determining whether the particular dispute falls within a valid arbitration agreement's scope, there is a presumption of arbitrability: an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Century*, 584 F.3d at 524 (quoting *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649, (1986)) (internal brackets and quotation marks omitted); *see also Varallo v. Elkins Park Hosp.*, 63 Fed. Appx. 601, 603 (3d Cir. 2003).

motion to compel, MacDougall attaches the Term Sheets it alleges govern the sale of Plaintiff's paintings, and which include arbitration clauses, (Dkt. No. 6 at 1-2, Exs. B & F), but these documents are unsigned. Plaintiff further argues that the Term Sheets apply only to items auctioned by MacDougall and are inapplicable to Plaintiff's paintings because they "were never auctioned" but rather were sold pursuant to "informal offers, arising from the interest of an unidentified buyer in Russia with whom the Defendants were connected." (Dkt. No. 10 at 1.) The record before this Court fails to clearly identify the precise terms of the agreement(s) between the parties and, therefore, this Court cannot resolve their dispute at this stage of the proceedings. Any determination as to whether this matter should be referred to arbitration may only be made after discovery is taken on whether the Term Sheets applied to the sales MacDougall arranged for Plaintiff.[2]

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Compel Arbitration is **DENIED**. An appropriate order follows.

_____/s/ Susan D. Wigenton_____
SUSAN D. WIGENTON, U.S.D.J.

cc:    Clerk
       Parties
       Magistrate Judge Leda D. Wettre

---

[2] In addition, this Court is reluctant to rely on documents submitted by Defendant in its Motion to Compel/Motion to Dismiss. Generally, "a district court ruling on a motion to dismiss may not consider matter extraneous to the pleadings . . . without converting the motion to dismiss into one for summary judgment" unless those documents are "integral to or explicitly relied upon in the complaint . . .." *In re Rockefeller Ctr. Prop., Inc. Sec. Litig.*, 184 F.3d 280, 292 (3d Cir. 1999) (internal citations omitted). Were this Court to consider MacDougall's documentation, it would be relying on material not referred to or relied upon in the Amended Complaint. This Court declines to do so at this stage in the proceedings.